# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LEMUEL SOTO SANTIAGO;  Plaintiff  v.  CORPORACION DEL FONDO DEL SEGURO DEL ESTADO (CFSE); LIZA ESTRADA-FIGUEROA, in her individual and personal capacities as Administrator of the CFSE; FRANCISCO ORTIZ-SUED, in his individual and personal capacity as Interim Associate Director of the CFSE; MIGDALI RAMOS RIVERA, in her individual and personal capacity as Associate Director of the CFSE; DR. LUIS H. PADRO ROSADO, in his individual and personal capacity as Medical Director of the CFSE; MARIA DE LOS ANGELES CARRION-CANCEL, in her individual and personal capacity as Regional Director of Arecibo Region; WANDA LOPEZ-GONZALEZ in her individual and personal capacity as Medical Control Supervisor JOHN DOES A, B, C and D; JOHN ROES X, Y and Z; and ABC CORPORATION;  Defendant. | CIVIL NO: 15-  AMERICANS WITH DISABILITIES ACT ("ADA") |

**COMPLAINT**

**I.     INTRODUCTION**

This is a civil rights action seeking judgment, relief and/or damages for discrimination based upon a disability and for failure to accommodate the same, brought pursuant to Articles 2 and 5 of the Law 44 of Puerto Rico, 1 LPRA §§ 502 and 505, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 and 12112(b)(5)(A).

–1–

## II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 and 1343(4). Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 USC §1367. The federal claims have sufficient substance to confer subject matter jurisdiction to this Court and the state law claims arise out of the same nucleus of operative facts as the federal claims arise.

## III. PARTIES

1. The Plaintiff in this action is Lemuel Soto Santiago, a citizen of the United States of America and a resident of the Commonwealth of Puerto Rico.

2. Defendant the State Insurance Fund, formally known as **"Corporacion del Fondo del Seguro del Estado"** ("CFSE"), is a public corporation in the Commonwealth of Puerto Rico who provides compensation and medical services to workers injured in accidents arising from their occupation in the course of their employment, with legal capacity to sue and be sued pursuant to P R Laws Ann., tit. 11, §1b-1(d), not subject to the Eleventh Amendment, for it does not receive funds from the Commonwealth's General Fund.

3. Defendant, Liza Estrada-Figueroa, Administrator of the CFSE is sued in her individual and personal capacity.

4. Defendant, Francisco Ortiz-Sued, Interim Associate Director of the Office of Labor Relations and Equality in the Employment of the CFSE, is sued in his individual and personal capacity.

5. Defendant, Migdali Ramos Rivera Esq., Associate Director of the Office of Labor Relations and Equality in the Employment of the CFSE, is sued in her individual and personal capacity.

6. Defendant, Dr. Luis H. Padro Rosado, Medical Director of the CFSE, is sued in his individual and personal capacity.

7. Defendant Maria De Los Angeles Carrion-Cancel, Regional Director of Arecibo Region of the CFSE, is sued in her individual and personal capacity.

8. Defendant Wanda Lopez-Gonzalez, Medical Control Supervisor of the CFSE Arecibo Region, is sued in her individual and personal capacity.

9. Defendant A, B, C and D, are presently unknown members of the CFSE who are being sued individually and in their official capacity, and who may be liable to Plaintiff under the facts in this Complaint.

10. Defendant X, Y, and Z, are presently unknown defendants who may be liable to Plaintiff for the damages caused by their actions as claimed in this Complaint.

11. Defendant ABC Corporations is a fictitious judicial entity representing presently unknown corporations that may be liable to Plaintiff for the damages caused as a result of the actions claimed in this Complaint.

**IV.    FACTUAL ALLEGATIONS**

1. Plaintiff Lemuel Soto-Santiago is an individual with disabilities under the ADA.

2. Plaintiff Soto-Santiago was involved in a motorcycle accident in which he suffered multiple body trauma and spinal cord lacerations.

3. After various medical surgeries and therapies, Plaintiff Soto-Santiago has: six screws and a section of metal in his left ankle, two screws and a metal rod inside his left thighbone, three screws and a metal rod inside his right thighbone, a neuro-stimulator in his lower back, an emphatic bladder, a bone implant in the C7 vertebral column, atrophy in both hands and needs a walker to move around.

4. As a consequence of this accident and because of his medical illness, Plaintiff Soto-Santiago is significantly restricted as to the condition, manner, or duration under which he can perform certain daily tasks, as compared to the condition, manner, or duration under which the average person in the general population can perform the same activities.

5. As a result of Plaintiff's accident and because of his medical illness, Plaintiff Soto-Santiago was ordered by Physician the use of an orthopedic chair when sitting down.

6. On January 2013, Plaintiff Soto-Santiago was employed as the Medical Secretary of the CFSE of the Medical Control Section, in the Regional Office of the Municipality of Arecibo.

7. On January 24, 2013, Plaintiff Soto-Santiago received an orientation related to the individual privileges and opportunities granted to personnel of the CFSE with special needs, who are provided with modifications and adjustments in their employment setting, in order to receive reasonable accommodations, depending on the special needs of each distinct condition.

8. In this orientation, Plaintiff Soto-Santiago expressed his interests in receiving a reasonable accommodation as an employee of CFSE—which included an orthopedic chair—and requested assistance for its granting.

9. On February 26, 2013, Plaintiff Soto-Santiago received a letter on behalf of the Interim Associate Director of the Office of Labor Relations and Equality in the Employment of the CFSE, Mr. Francisco Ortiz-Sued.

10. In the same, Ortiz-Sued requested Plaintiff to provide a medical certification, of the conditions informed in the request of reasonable accommodation, in order to perform an evaluation to attest if Plaintiff qualified for approval of a reasonable accommodation.

11. Plaintiff Soto-Santiago felt that providing a medical certification, which included personal facts and information about his condition, generated a certain degree of discomfort and embarrassment, due to the delicate situation and subtlety of his condition. Despite that, he provided the information requested.

12. On July 18, 2013, and almost six months after requesting a reasonable accommodation, Plaintiff Soto-Santiago received a letter from Defendant Ramos-Rivera, the Assistant Director of the Department of Labor Relations and Equality in the Employment of the CFSE, requesting to fill out a form to evaluate plaintiff's request.

13. The form authorized the CFSE to conduct a medical evaluation to assess whether Soto-Santiago was fit to perform the duties of his position, which created significant apprehension on plaintiff, who thought he would be dismissed from employment.

14. On September 2013, Plaintiff Soto-Santiago collapsed from his chair, in front of three other individuals, which caused him a great amount of shame.

15. Later, that same month, Plaintiff Soto-Santiago filed an internal complaint in the Union of Employees of the CFSE.

16. On January 31, 2014, Plaintiff Soto-Santiago received a letter of notification from the Associate Director of the Office of Labor Relations and Equality in the Employment of the CFSE, Migdali Ramos Rivera Esq., in which he was informed of his qualification for the concession of a reasonable accommodation, nonetheless he needed to be evaluated in order to assess the type of accommodation he required.

17. It was not until March 12, 2013 that a visit to evaluate Plaintiff Soto-Santiago's work needs was scheduled.

18. On June 2, 2014, and almost a year and a half after Plaintiff submitted his request for a reasonable accommodation, Plaintiff Soto-Santiago received a notification from Migdali Ramos Rivera Esq., in which she approved the use of special equipment and an orthopedic chair requested.

19. In the afore-mentioned notification, it was additionally stated that the Medical Director, Dr. Luis H. Padro Rosado, had been instructed and would provide the special equipment and orthopedic chair requested.

20. Despite Plaintiff Soto–Santiago request for the accommodation offered in the June 2, 2014 letter to his immediate Supervisor, Wanda Lopez-Gonzalez and Maria De Los Angeles Carrion-Cancel, Regional Director of Arecibo Region of the CFSE, said accommodation has not been provided as of yet.

21. On December 14, 2014, Plaintiff Soto-Santiago filed a complaint before the Equal Employment Opportunity Commission ("EEOC") No. 16H-2015-00189C and the Antidiscrimination Unit of the Puerto Rico Labor Department, No. uadau 14-937c. Defendant CFSE failed to appear at the mediation hearing.

22. Defendant Liza Estrada-Figueroa, Administrator of the CFSE was informed of said charges and has failed to respond and to provide the accommodation Plaintiff Soto-Santiago requested and was offered.

23. In fact, defendants failed to appear at a mediation hearing scheduled by the Antidiscrimination Unit.

24. In light of defendants' disdain for the mediation process, Plaintiff Soto-Santiago then requested and obtained the right-to-sue letter from the EEOC on September 14, 2015.

25. Until this day, and after more than two years of continuously requesting all defendants the accommodation offered after evaluation, Plaintiff Soto-Santiago has not received the special equipment nor the accommodation requested.

26. Plaintiff Soto-Santiago suffers from severe limitations and grieves from pain when walking and performing activities with his hands and/arms.

27. Plaintiff Soto-Santiago fails to sleep in a suitable manner and is in constant discomfort from backache.

28. The pain Plaintiff Soto-Santiago suffers from in his back worsens every day, as the chair currently assigned to him does not fulfill for the needs of his disability.

29. Plaintiff Soto-Santiago sometimes has to miss work because of his pain and worries of receiving disciplinary sanctions for being absent.

30. The unlawful employment practices complained of above and performed by Defendant were intentional.

31. The adverse effect, of the practices complained of above and performed by Defendant, have deprived Plaintiff Soto-Santiago of equal employment opportunities and otherwise have affected his status as an employee because of his disabilities.

32. The adverse effect, of the practices complained of above and performed by Defendant, have caused Plaintiff Soto-Santiago great shame and embarrassment, caused by Defendant depriving him of the equipment that would allow for an adequate performance of his abilities.

33. The unlawful employment practices complained of above and performed by Defendant were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff Soto-Santiago.

34. The Defendant has failed to demonstrate that providing Plaintiff with reasonable accommodations in the CFSE would impose an undue hardship on the operation of the business of such entity.

35. Plaintiff Soto-Santiago has fully complied with all the requirements of the CFSE, during the whole reasonable accommodation request process, and has provided all the information desired by the CFSE in order to complete his reasonable accommodation request.

36. Plaintiff Soto-Santiago exhausted the administrative remedies required by the ADA by filing a charge with the EEOC, within the prescribed time limits, as required by 42 U.S.C.A. § 2000e-5.

## V. CAUSES OF ACTION

1. Defendant discriminated against Plaintiff Soto-Santiago, a qualified individual, on the basis of disability to his privileges of employment.  As such, the Defendant is liable under 42 U.S.C. § 12101 and 1 L.P.R.A. sec. 502.

2. Defendant discriminated against Plaintiff Soto-Santiago, by failing to provide reasonable accommodations, for his known physical and/or mental limitations, as a qualified employee with a disability; without demonstrating that the accommodation would impose an undue hardship on the operation of the business of such covered entity.  As such, the Defendant is liable to under 42 U.S.C. § 12112(b)(5)(A) and 1 L.P.R.A. sec. 505.

## VI. PRAYER OR RELIEF

**WHEREFORE**, Plaintiff Soto-Santiago respectfully requests from this Court to:

A. Grant a permanent injunction enjoining Defendant, and all persons in active concert or participation with it, from any employment practice that discriminates on the basis of Plaintiff Soto-Santiago's disability.

B. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Plaintiff Soto-Santiago, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional distress, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, damage to professional reputation and loss of civil rights, in amounts estimated to be not less than $2,000,000.00.

D. Order Defendant to pay Plaintiff Soto-Santiago punitive damages for its malicious and reckless conduct, as described above.

E. Order Defendant to provide Plaintiff Soto-Santiago with the special equipment required and the orthopedic chair requested.

F. Award Plaintiff Soto-Santiago the costs of this action and attorney's fees.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

Respectfully submitted in San Juan, Puerto Rico this October 26, 2015.

**ALDARONDO & LÓPEZ BRAS**
Attorneys for Plaintiffs

ALB Plaza, Suite 400
#16 Carr. 199
Guaynabo, Puerto Rico 00969
Tel. (787) 474-5447
Fax. (787) 474-5451
e-mail: alb@alblegal.net

*s/ Claudio Aliff Ortiz*
**CLAUDIO ALIFF-ORTIZ**
**USDCPR 205313**