# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**LEMUEL SOTO SANTIAGO,**

**Plaintiff,**

**v.**

**CORPORACION DEL FONDO DEL SEGURO DEL ESTADO,**

**Defendants.**

**CIVIL NO. 15-2647 (GAG)**

## OPINION AND ORDER

Lemuel Soto-Santiago ("Plaintiff") sued his employer, the State Insurance Fund Corporation of Puerto Rico ("SIFC"), under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, as well as Puerto Rico Law 44 ("Law 44"), P.R. LAWS ANN. tit 1, §§ 501, *et seq.*, alleging disability discrimination and failure to accommodate. (Docket No. 1 at 1). Plaintiff moved for summary judgment,[1] and SIFC opposed the motion. (Docket Nos. 57; 64). Plaintiff replied, and SIFC sur-replied. (Docket Nos. 70; 74). Although SIFC sought and received permission to file its sur-reply (Docket No. 72; 73), Plaintiff moved to strike the sur-reply. (Docket No. 75). SIFC opposed the motion. (Docket No. 76). After disposing of preliminary matters involving Plaintiff's motion to strike and Local Rule 56, the Court denied Plaintiff's Motion for Partial Summary Judgment. (Docket No. 57). Plaintiff is seeking reconsideration of the Court's denial of Partial

---

[1] In his motion for summary judgment Plaintiff's discussion involved only his allegation of failure to accommodate. (Docket No. 57 at 11-23). As such, the Court treated his motion as a motion for partial summary judgment only as to his failure to accommodate claim. (Docket No. 79).

**Civil No. 15-2647 (GAG)**

Summary Judgment. For the reasons discussed below Plaintiff's Motion for Partial Reconsideration of Opinion and Order at Docket No. 79 is **DENIED**.[2]

I. DISCUSSION

There are three grounds for a motion for reconsideration to be granted. Plaintiff must demonstrate one or more of the following: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error of law by the trial court. Soto-Padro v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012). A motion for reconsideration cannot be used as a vehicle to re-litigate matters already decided by the trial court. Id.; Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 n.2 (1st Cir. 2008). In the instant case, Plaintiff makes no proffer of newly discovered evidence, nor does he argue a change in intervening law. Rather, Plaintiff argues that "the Court did not apply the law applicable to plaintiff's failure to accommodate claim under the ADA." (Docket No. 95 at 2). Plaintiff is propounding that the Court did not apply the correct test to determine whether he satisfied the requirements for a *prima facie* reasonable accommodation claim. Id. at 6. Defendants counter that the Court did not err and that the law cited and applied by the Court is good law. (Docket No. 97 at 2). Furthermore, Plaintiff argues that denial of summary judgment would result in manifest injustice and would bar them from presenting evidence as to their claim. (Docket No. 95 at 13).

A. Reasonable Accommodation Test

Plaintiff contends that the Court committed an error of law when it required a showing of adverse employment action for a *prima facie* failure to accommodate claim under the ADA. (Docket No. 95 at 2). Plaintiff disputes that a failure to accommodate claim does not necessitate

---

[2] As neither Plaintiff nor Defendants present any issues of fact, the Court will not rehash the factual background and directs all interested to the Court's statement of relevant facts in the Opinion and Order. (Docket No. 79 at 5-9).

2

**Civil No. 15-2647 (GAG)**

that an adverse employment action be taken. Id. at 5. The issue lies in whether the Court committed an error of law by applying the Higgins four-part test cited within Orta-Castro and relied upon in the Opinion and Order (Docket No. 79), which requires a showing of adverse employment action. See Orta-Castero v. Merck, Sharp & Dohme Quimica P.R., 447 F.3d 105, 112 (1st Cir. 2006); see also Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252 (1st Cir. 1999); as opposed to the Freadman three-part test cited by Plaintiff in the Motion for Reconsideration (Docket No. 95), which does not necessitate an adverse employment action. Freadman v. Metro. Prop. & Cas. Ins. Co., 484 F.3d 91, 102 (1st Cir. 2007). Both tests require a showing that (1) the plaintiff is disabled, (2) they work for an ADA covered employer, and (3) that employer, despite being aware of plaintiff's disability, did not accommodate. Id., see also Higgins 194 F.3d at 264. The Higgins test differs from the Freadman test only in that it requires an adverse employment action.

Some of this confusion stems from the fact that the First Circuit has been circulating two tests pertaining to a reasonable accommodation claim; one being the Freadman three prong test presented by Plaintiff, and the other the Higgins four-part test applied by the Court. The answer lies in a trail of citations. Plaintiff's three-part test used in Freadman cites Rocafort v. IBM Corp., 334 F.3d 115, 119 (1st Cir. 2003), which in turn cites Carroll v. Xerox Corp., 294 F.3d 231 (1st Cir. 2002). See Freadman, 484 F.3d at 102. Higgins, however, is the source of the three-part test in Carroll. For an unknown reason, the fourth requirement evaporated in Carroll, and in subsequent cases citing it, for Higgins espouses a four-part test:

> To survive a motion for summary judgment on a failure-to-accommodate claim, a plaintiff ordinarily must furnish significantly probative evidence that [1] he is a qualified individual with a disability within the meaning of the applicable statute; [2] that he works (or worked) for an employer whom the ADA covers; [3] that the employer, despite knowing of the employee's physical or mental limitations, did not reasonably accommodate those limitations; and [4] that the employer's failure to do so affected the terms, conditions, or privileges of the plaintiff's employment.

(internal citations removed) Higgins, 194 F.3d at 264. As Defendants point out, the four-part test is law that has not been overturned and remains valid. "[T]he Court's Opinion and Order is based on prevailing case law that has not been overturned by the [First] Circuit and has been in place since at least 1999." (Docket No. 97 at 4-5). The First Circuit has continued to cite Higgins, most recently in Franchina v. City of Providence, 881 F.3d 32, 54 (1st Cir. 2018), as well as in various others.[3] See Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 187 n.1, 125 S. Ct. 1497, 1512 (2005); see also Maldonado-Cátala v. Municipality of Naranjito, 876 F.3d 1, 11 n.12 (1st Cir. 2017). Additionally, the First Circuit has continued to cite and uphold Orta-Castro from which the Court cited the Higgins test. See Germanowski v. Harris, 854 F.3d 68, 73 (1st Cir. 2017); Murray v. Warren Pumps, LLC, 821 F.3d 77, 83 (1st Cir. 2016); Escribano-Reyes v. Prof'l Hepa Certificate Corp., 817 F.3d 380, 387 (1st Cir. 2016). Thus, unless Plaintiff can direct the Court to any case within the First Circuit that overturns the Higgins test or undermines the test's validity, the Court did not err in applying it.[4]

Interestingly enough Plaintiff cites Higgins in his Motion for Reconsideration, seemingly accepting it as valid law, while simultaneously arguing the Court erred in applying the test found within it. (Docket No. 95 at 6). Plaintiff attempts to prop himself up with Higgins by citing favorable portions, while conveniently flouting those sections that are not beneficial to him. Id. at 6. Plaintiff highlights Higgins' affirmation that a failure to accommodate claim under the ADA does not require a showing of discriminatory animus, which while true is not pertinent. Id. However, Plaintiff comfortably cites said portion of text from Higgins while ignoring the four-part

---

[3] Citing Higgins as positive law within a discussion regarding Title VII claims. Did not delve into ADA issues. See Franchina, 881 F.3d at 54.

[4] Plaintiff goes into a lengthy discussion for almost three pages the findings of other circuits and district courts, however, this information is not binding to the Court and does not go to the issue as to whether the Court erred in applying the Higgins test. (Docket No. 95 at 9-12)

**Civil No. 15-2647 (GAG)**

test they are denouncing, which is found on the very same page they cite. Higgins, 194 F.3d at 264. Plaintiff has failed to explain why the Higgins test is not valid law while Freadman is.

   B.  Summary Judgment Standard

Plaintiff alleges that denial of summary judgment will result in manifest injustice. The Court disagrees. Plaintiff, in his motion, appears to either not understand the standard of review for a summary judgment or is intentionally being obtuse to coax the Court to grant summary judgment where it is not warranted. Plaintiff argues that the Court erred in the application of the Higgins test, and that they should be granted summary judgment in their favor as to the reasonable accommodation claim. However, Plaintiff in their motion appears to acknowledge that they cannot be awarded summary judgment at this time:

> Of course, whether plaintiff's accommodation was reasonable or not is a matter that will be proven at trial. But plaintiff should be allowed to rely on evidence that the SIFC failed to accommodate plaintiff's known disability, not only to establish his disability discrimination claim under the ADA, nut also his failure to accommodate claim under the ADA and Law 44.

(Docket No. 95 at 12). Summary judgment is only appropriate when there are no genuine issues as to material facts, and the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If any issue may reasonably be resolved in favor of either party at trial, then summary judgment is not appropriate. Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Plaintiff cannot argue they are owed a judgment as a matter of law when they themselves concede that there are genuine issues of material fact as to whether they comply with the third prong of both the Higgins test and the Freadman test.[5] Thus, even in the case that the Court applied the three part Freadman test favored by Plaintiff, summary judgment would still

---

[5] "… (3) [the defendant], despite knowing of [the plaintiff's] disability, *did not reasonably accommodate it*." (emphasis added) Freadman, 484 F. 3d at 102.

**Civil No. 15-2647 (GAG)**

not be appropriate. The Court made clear in its Opinion and Order that "because genuine issues of material fact exist, further analysis of the remaining elements of Plaintiff's prima facie failure to accommodate claim accommodate claim is unnecessary. Summary Judgment at this time is not appropriate." (Internal citations and quotations removed) (Docket No. 79 at 13). The third prong proved fatal even in the absence of the Higgins test's fourth prong requiring adverse employment action.

Additionally, Plaintiff appears to be under the impression that as he was not granted summary judgment he may not present any evidence at trial in relation to his reasonable accommodation claim. Plaintiff argues that "[i]f the Court's ruling stands, plaintiff cannot rely on evidence that the SIFC failed to accommodate plaintiff's known disability to establish his disability discrimination claim under the ADA, as well as his failure to accommodate claim under the ADA and Law 44- a manifestly unjust outcome." (Docket No. 95 at 13). The Court is not sure where Plaintiff got such an idea and redirects Plaintiff to the Court's opinion and order.

> It could very well be that SIFC's failure to accommodate Plaintiff's limitations did affect[] the terms, conditions, or privileges of [his]employment. But based on the evidence-or lack thereof- the issue could reasonably be resolved in favor of either party at trial. Resolution of this issue would sway the outcome of the litigation under the applicable law.

(Docket No. 79 at 13). The fact that the Court is not finding in favor of Plaintiff at this moment does not preclude Plaintiff from asserting their failure to accommodate claim, nor does it bar them from presenting evidence to prove such. The Court is simply stating that at this point Plaintiff is not owed a ruling as a matter of law. The Court will not reconsider its Opinion and Order based on Plaintiff's misconceptions of law. Therefore, the Motion for Reconsideration must be **DENIED.**

**Civil No. 15-2647 (GAG)**

**II.     Conclusion**

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Docket No. 57). Plaintiff's Motion for Partial Reconsideration of Opinion and Order (Docket No. 95) is hereby **DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico this 16th day of October, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge